UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH BAK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:09-cv-1196-RLY-DML |
| | ) | |
| HOME VIDEO FRANCHISING | ) | |
| CORPORATION d/b/a HOME VIDEO | ) | |
| STUDIO, HOME VIDEO STUDIO, INC., | ) | |
| ROBERT HANLEY, and DENISE | ) | |
| HANLEY, | ) | |
|     Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISQUALIFY**

Defendants, Home Video Franchising Corporation d/b/a Home Video Studios ("HVF"), Home Video Studio, Inc. ("HVS") (collectively "Home Video"), Robert Hanley, and Denise Hanley (collectively "Defendants"), move to disqualify the counsel of plaintiff, Joseph Bak ("Plaintiff"), pursuant to Indiana Rule of Professional Conduct 1.9. The court, having read and reviewed the supporting and opposing briefs, the relevant case law, and being otherwise duly advised, now finds that Defendants' motion should be **DENIED**.

**I.     Factual Background**

Robert Hanley ("Hanley") is the president and founder of HVS and HVF and is a resident and citizen of Indiana. (Complaint ¶ 2). Defendants solicited franchisees on the internet by offering "turnkey" opportunities for individuals to start their own Home Video

studio.  (*Id.* ¶ 8).  Plaintiff, a resident of Maryland, learned of Defendants' franchise opportunities on Defendants' website on May 20, 2008.  (*Id.*).  In early June 2008, Plaintiff traveled to Indianapolis, Indiana to speak with Hanley to gather more information regarding Home Video and franchise opportunities.  (*Id.* ¶ 9).  During the meeting, Hanley made misrepresentations regarding the business potential and profitability of a Home Video franchise.  (*Id.* ¶¶ 11-12).  One of the misrepresentations made by Hanley was that Home Video was licensed to sell and promote franchises in Maryland when, in fact, Home Video had allowed its license to sell and promote franchises in Maryland to lapse on May 21, 2008.  (*Id.* ¶ 9).

On June 11, 2008, Plaintiff negotiated and signed a Franchise Agreement with Hanley.  (*Id.* ¶ 12).  The Franchise Agreement required Plaintiff to pay $148,505 for, *inter alia*, home video equipment that was to be delivered by September 2008.  (*Id.*).  Hanley provided a portion of the home video equipment to Plaintiff, but failed to deliver the remaining essential home video equipment as promised.  (*Id.* ¶ 15).  In addition, Hanley represented that the equipment was worth $75,000, but Plaintiff later learned that the equipment was actually worth $40,000.  (*Id.* ¶¶ 2, 12).  Hanley later agreed to refund all amounts paid by Plaintiff.  (*Id.* ¶ 17).

On September 25, 2009, Plaintiff filed a five-count Complaint against Defendants.  On March 22, 2010, Defendants filed a motion to disqualify Plaintiff's counsel.  Plaintiff is currently represented by Barnes & Thornburg ("B & T").  At least four years prior to the filing of Plaintiff's suit, Hanley and HVS retained lawyers from Leagre Chandler &

Millard ("LCM") to provide general corporate advice and counsel.  (Declaration of David B. Millard ("Millard Decl.") ¶ 4).  Shortly after Hanley and HVS retained LCM, many lawyers previously associated with LCM joined B & T (the "LCM Attorneys").  (Millard Decl. ¶ 5).  Defendants claim that the prior representation was "substantially related to Mr. Hanley's Home Video Studio Franchising Business." (Defendants' Motion to Disqualify ¶ 4).

## II.     Disqualification Standard

The Indiana Rules for Professional Conduct govern the conduct of those practicing before this court.  S.D. Ind. L. R. 83.5(g).  Indiana Rule of Professional Conduct 1.9 states:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Issues are "substantially related" if they involve the same transaction or dispute, or if there is a substantial risk that confidential information given to a lawyer from a former client could be used to materially advance the position of that lawyer's current client.  Comment 3 to Rule 1.9.  However, "a lawyer who has recurrently handled a type of problem for a former client is not precluded from later representing another client in a factually distinct problem of that type even though the subsequent representation involves a position adverse to the prior client."  Comment 2 to Rule 1.9.

When determining whether disqualification pursuant to Rule 1.9 is warranted, the proper inquiry is "'whether it could reasonably be said that during the former representation the attorney might have acquired information related to the subject matter of the subsequent representation.'" *LaSalle Na'l. Bank v. Lake County*, 703 F.2d 252, 255 (7th Cir. 1983) (quoting *Cannon v. U.S. Acoustics Corp.*, 398 F. Supp. 209, 223 (N.D. Ill. 1975)). To answer this question, the court uses the three-step "substantial relationship" test. *Emmis Operating Co. v. CBS Radio, Inc.*, 480 F. Supp. 2d 1111, 1118 (S.D. Ind. 2007). First, the court must "'make a factual reconstruction of the scope of the prior legal representation.'" *Id.* (quoting *Schloetter v. Railoc of Ind., Inc.*, 546 F.2d 706, 710 (7th Cir. 1976)). Second, the court determines "'whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters.'" *Id.* (quoting *Schloetter*, 546 F.2d at 710). Third, the court determines "'whether that information is relevant to the issues raised in the litigation pending against the former client.'" *Id.* (quoting *Schloetter*, 546 F.2d at 710). Relevance is determined in light of the allegations in the complaint and the usefulness of the information in establishing those allegations. *Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 226 (7th Cir. 1978). If the court determines a substantial relationship exists, then there is a rebuttable presumption that the attorney received confidential information and should be disqualified. *Emmis*, 480 F. Supp. 2d at 1118 (citations omitted).

In cases where the Seventh Circuit has determined disqualification was warranted

4

because there was a "substantial relationship" between former and current representations by an attorney, the relevance and relationship between the attorney's past representation and current representation has usually been clear. *Donohoe v. Consol. Operating & Prod. Corp.*, 691 F. Supp. 109, 114 (N.D. Ill. 1988). Examples of substantial relationships include "representations involving the same litigation, or involving work on a contract and then litigation arising from that contract or involving work in obtaining a patent followed by litigation challenging that patent." *Id.* at 114-115 (internal citations omitted).

## III.   Discussion

The first step in the substantial relationship test is to make a "'factual reconstruction of the scope of the prior legal representation.'" *Emmis*, 480 F. Supp. 2d at 1118 (quoting *Schloetter*, 546 F.2d at 710). In the instant case, the allegations contained in the Complaint all arise from the Franchise Agreement between Plaintiff, Hanley, and HVF. Defendants claim that the work done for them by the LCM Attorneys was "substantially related" to the franchising business, but they do not support this allegation with any evidence. Plaintiff, however, submitted evidence demonstrating that HVF did not even exist at the time the LCM Attorneys represented Hanley and HVS. (Millard Decl. ¶¶ 4-10; s*ee also* Plaintiff's Opposition to Motion to Disqualify at Exhibit E). The scope of the prior legal representation included matters relating to non-disclosure agreements, vendor agreements, non-competition agreements, and trademark issues. (Millard Decl. ¶ 10). The LCM Attorneys did recommend to Robert Hanley and HVS that HVS should register as a franchise, but Hanley and HVS specifically declined any

opportunity to pursue that course of action with any LCM Attorneys. (Millard Decl. ¶ 10f). Furthermore, evidence submitted by Plaintiff demonstrates that no LCM Attorney performed any work relating to the franchising of HVS, the creation or operation of HVF, or the creation of any part of the Franchise Agreement.

The second step of the substantial relationship test is difficult to apply in the instant case because the Defendants do not allege any specific confidential information that would have been given to a lawyer representing them. Regardless, it is clear from the factual record that any confidential information previously given to any LCM Attorneys would be irrelevant to the instant case. This action arises from the Franchise Agreement. HVF did not exist at the time Defendants retained the LCM Attorneys, and Defendants specifically refused to allow those lawyers to work on registering HVS as a franchise. Therefore, Defendants' claim does not pass the substantial relationship test. As such, Defendants' motion to disqualify must be denied.

**IV.     Conclusion**

For the reasons set forth above, the court **DENIES** Defendants' Motion to Disqualify (Docket # 24).


**SO ORDERED** this 12th  day of August 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Edward Timothy Delaney
BARNES & THORNBURG LLP
tdelaney@btlaw.com

Bart A. Karwath
BARNES & THORNBURG LLP
bart.karwath@btlaw.com

Donald Robert Lundberg
BARNES & THORNBURG LLP
donald.lundberg@btlaw.com

J. David Young
LAW OFFICE OF J. DAVID YOUNG
jdyjd@aol.com